SUMMARY ORDER

Petitioner Shitong Chu, a native and citizen of the People’s Republic of China, seeks review of a February 6, 2008 order of the BIA denying his motion to reopen. In re Shitong Chu, No. A78 104 926 (B.I.A. Feb. 6, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Chu’s untimely motion to reopen or in finding him ineligible to file a successive asylum application.
Chu argues that the BIA erred by finding that he failed to demonstrate materially changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his prima facie eligibility for relief. However, these arguments fail where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited *635 Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Chu further argues that the BIA abused its discretion when it questioned the veracity of his affidavit based on the adverse credibility determination in his underlying case. That argument, however, is unavailing, as the BIA acts within its authority when it relies on an adverse credibility determination to reject a document, submitted in support of a motion to reopen, that does not bear independent indicia of authenticity. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 148-49 (2d Cir.2007) (finding that the BIA’s refusal to credit an unauthenticated document was not error where the rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication); Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the agency).
Finally, the BIA’s determination that Chu was ineligible to file a successive asylum application was not in error. See Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).